IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **STEVE CLIFF (AIS #: 142970),** | * |
| | * |
| Plaintiff, | * |
| | * |
| vs. | *   CIV ACTION NO.13-00246-WS-B |
| | * |
| **LT. BONNER,** *et al.*, | * |
| | * |
| Defendants. | * |

### REPORT AND RECOMMENDATION

Plaintiff Steve Cliff, an Alabama inmate who is proceeding pro se, commenced this action by filing a complaint pursuant to 42 U.S.C. § 1983 (Doc. 1), along with a motion to proceed without prepayment of fees (Doc. 2). Plaintiff's motion has been referred to the undersigned for a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72.2(c)(4). For the reasons set forth below, it is recommended that Plaintiff's motion be denied and that this action be dismissed without prejudice pursuant to 28 U.S.C. § 1915(g).

Title 28 U.S.C. § 1915(g) prohibits a prisoner from proceeding in forma pauperis in civil actions under certain circumstances. It provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or

1

>detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

The Eleventh Circuit Court of Appeals has interpreted this statute to mean that a prisoner who has had three or more cases dismissed as meritless must pay the full filing fee at the time he initiates his lawsuit. Dupree v. Palmer, 284 F.3d 1234 (11th Cir. 2002); Vanderberg v. Donaldson, 259 F.3d 1321, 1324, (11th Cir. 2001).  To avoid § 1915(g)'s bar, a prisoner who has had three or more cases dismissed as meritless must establish that he was "under imminent danger of serious physical injury" at the time he filed his complaint. Brown v. Johnson, 387 F.3d 1344 (11th Cir. 2004); Medberry v. Butler, 185 F.3d 1189, 1193 (11th Cir. 1999); Rivera v. Allin, 144 F.3d 719, 723 (11th Cir. 1998)).

In determining whether a prisoner was under imminent danger of serious physical injury, "the issue is whether [the] complaint, as a whole, alleges imminent danger of serious physical injury." Brown, 387 F.3d. at 1350; Medberry, 185 F.3d at 1193 (Plaintiff could not proceed under § 1915(g) because he failed to allege "that he was in imminent danger of serious

2

physical injury at the time he filed his Complaint or that he was in jeopardy of any ongoing danger.").

The Court has taken judicial notice of its records which reveal that Plaintiff has filed at least three cases that have been dismissed as frivolous or for failure to state a claim upon which relief could be granted: Cliff v. Davis, Case No. 1:97-cv-00741-RV-S (Southern District of Alabama); Cliff v. Alford, Case No. 1:97-cv-00748-CB-S (Southern District of Alabama); Cliff v. Haley, Case No. 1:99-cv-00455-RV-C (Southern District of Alabama); Cliff v. Siegelman, Case No. 1:99-cv-00426-AH-C (Southern District of Alabama); and Cliff v. Lewis, Case No. 1:99-cv-00230-BH-M (Southern District of Alabama)[1]. Thus, Plaintiff's current filing comes squarely within the ambit of § 1915(g), which precludes him from filing the instant action in forma pauperis unless he establishes that at the time he filed the instant complaint, he was "under imminent danger of serious physical injury."

A searching review of Plaintiff's instant complaint fails to reveal any facts that suggest that he was "under imminent

---

[1] Plaintiff has also had at least two cases dismissed due to his failure to establish an exception to the bar imposed by § 1915(g). See Cliff v. Earl, Case No. 1:08-00446-CG-M (Southern District of Alabama) and Cliff v. Mcillian, 1:04-00301-WS-C (Southern District of Alabama).

danger of serious physical injury" at the time he filed this action. In his Complaint, which was received by the Clerk's Office on May 1, 2013[2], Plaintiff avers that Defendants discriminated against him on April 12, 2013 because they refused to allow him to receive his medication. According to Plaintiff, he missed "pill call" because he was taking a shower, and Defendants denied his request to receive his medication after his shower. Plaintiff avers that as a result of Defendants' denial of his medication on April 12, 2013, he experienced a headache, body ache, stress, and fear throughout the night. The Court finds that accepting Plaintiff's assertions as true, they are not sufficient to establish that he was under "imminent danger of serious physical injury" at the time he filed this action. Thus, this case does not come within § 1915(g)'s exception.

As noted above, "[i]n this Circuit, a prisoner who is no longer entitled to proceed in forma pauperis must pay the filing fee at the time he initiates the suit, and failure to do so warrants dismissal without prejudice." Doss v. Henry, 2008 U.S. Dist. LEXIS 109706 (N.D. Fla. Dec. 12, 2008); Dupree, 284 F.3d at 1236 ("The prisoner cannot simply pay the filing fee after

---

[2] While Plaintiff signed the complaint, it is undated. (Doc. 1).

being denied in forma pauperis status [pursuant to the three strikes provision of § 1915(g)]. He must pay the filing fee at the time he initiates the suit.").

Because Plaintiff did not pay the $350.00 filing fee at the time that he filed the instant action and because he has failed to meet the "under imminent danger of serious physical injury" exception provided in § 1915(g), this action is due to be dismissed without prejudice. Accordingly, it is recommended that Plaintiff's Motion to Proceed Without Prepayment of Fees (Doc. 2) be **DENIED**, and that this action be dismissed without prejudice pursuant to 28 U.S.C. § 1915(g).

### Notice of Right to File Objections

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); S.D. ALA. L.R. 72.4. In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed

determination is found.  An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

**DONE** this the **29th** day of **May, 2013.**

                                                  **/S/ SONJA F. BIVINS**
                                      **UNITED STATES MAGISTRATE JUDGE**